IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSEPH SIBERT                                                                                        PLAINTIFF

V.                                              NO. 14-5122

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Joseph Sibert, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act)[1]. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current application for DIB on December 12, 2011, alleging an inability to work since October 6, 1974, due to PTSD; post traumatic brain injury;

---

[1] In his brief, counsel for Plaintiff states: "This is a Title II application but it is unclear why Title XVI was not considered, especially in light of the fact that on February 16, 2013, Plaintiff was diagnosed with congestive heart failure in addition to his other impairments." (Doc. 18 at p. 6). However, at the beginning of the hearing held on February 26, 2013, when the ALJ questioned whether this case involved a Title XVI claim in addition to the Title II claim, Plaintiff's counsel stated: "Judge, I know his wife works at a nursing home. That may be why." (Tr. 30). Plaintiff does not contend that a Title XVI application was filed in this case. Any subsequent Title XVI applications, and whether any subsequent applications were granted or denied are not currently at issue before this Court.

1

mood disorder; major depression; learning disability; and "emotionally unstable." (Tr. 128-134, 153, 157). The onset date was amended at the hearing to June 1, 2009 (Tr. 29), and the date last insured is June 30, 2009. (Tr. 153). Therefore, the relevant time period in this case is from June 1, 2009 through June 30, 2009. An administrative hearing was held on February 26, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 27-49).

By written decision dated April 19, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – hypertension and obesity. (Tr. 15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of medium work, as defined in 20 C.F.R. 404.1567(c). The ALJ then found that Plaintiff had no past relevant work, was born on October 6, 1974, had at least a high school education,[2] and that based upon Medical-Vocational Guideline 203.28 (Grids), there were jobs that Plaintiff could have performed during the relevant time period. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 11, 2014. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties.

---

[2] In his brief, Plaintiff contends he does not have a high school diploma and dropped out after the 11th grade. (Doc. 18 at p. 9). However, his Disability Report – Adult, indicates that Plaintiff had a GED (Tr. 158), and at the hearing, the ALJ stated Plaintiff had a high school GED, and inquired as to whether Plaintiff had any other formal training after that time, either in the military or in vo-tech or anything like that, to which Plaintiff responded "No, sir." (Tr. 32). At no time did Plaintiff or his attorney correct the ALJ on this issue. Nevertheless, the Court believes any error made regarding Plaintiff's education is harmless, since less than a high school education would result in the same finding under Medical-Vocational Guideline 203.25.

(Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 18, 19).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C.

3

§§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff raises the following issues in this matter:  1)  Whether the ALJ erred by not assessing Plaintiff's combination of physical and mental impairments;  2)  Whether the ALJ erred in his RFC determination; and 3) Whether the ALJ erred in failing to call a VE to testify. (Doc. 18).

   **A. Whether the ALJ considered Plaintiff's impairments in combination:**

Plaintiff first argues that the ALJ erred in not finding Plaintiff's alleged mental impairments to be severe.  The ALJ found Plaintiff's alleged mental impairments of learning

4

disability, mood disorder, and PTSD were not severe impairments, considered singly and in combination, and "did not cause more than a minimal limitation in the claimant's ability to perform basic mental work activities." (Tr. 16). The ALJ referred to the psychological screening report completed in 2003, and noted that Plaintiff had not had any further formal psychological treatment regarding his mental impairments. The ALJ considered the four broad functional areas set out in the disability regulations for evaluating mental disorders. (Tr. 16).

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

As noted by the ALJ, there was a 2003 psychological screening report in the record, and 2008 medical records relating to Plaintiff's treatment for his blood pressure. (Tr. 207-209, 222, 224, 217-219). However, there are no records indicating Plaintiff received any treatment, mental or physical, in 2009. In addition, non-examining consultant, Christal Janssen, Ph.D., completed a Psychiatric Review Technique Report, dated May 29, 2012, and concluded there was not enough information to establish a rating. (Tr. 228, 240).

Accordingly, the Court finds there is substantial evidence to support the ALJ's determination that Plaintiff's alleged mental impairments were not severe.

5

With respect to whether the ALJ considered Plaintiff's impairments in combination, in his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'"  (Tr. 14).  He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  (Tr. 14).  The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings.  (Tr. 14).  The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments.  (Tr. 17).  This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments.  See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's decision relating to Plaintiff's severe impairments during the relevant time period, and the fact that the ALJ considered all of Plaintiff's impairments in combination.

  **B. Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5)

functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ considered Plaintiff's daily activities, the Plaintiff's allegations of pain, the medication he was prescribed, and the medical records.  The Court finds there is substantial evidence to support the ALJ's credibility analysis.

### C. RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."

7

Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

Plaintiff argues that the question is not whether Plaintiff can perform work at any exertional level, but rather, whether Plaintiff can maintain employment based on his mental impairments. However, as stated earlier, there is substantial evidence to support the ALJ's finding that Plaintiff's alleged mental impairments were non- severe during the relevant time period. In fact, there is no evidence in the record of any kind during the relevant time period from June 1, 2009 through June 30, 2009. Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006)(holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements). The ALJ considered records from 2008, 2011, and 2013 in his decision, and the Court has done the same. The fact that Plaintiff was treated after the relevant time period in 2013 for congestive heart failure, does not establish that Plaintiff has proven he was disabled four years prior thereto.

The ALJ also considered Plaintiff's daily activities, noting that his obesity would limit his ability to perform work at all exertional levels. He noted that Plaintiff did not indicate in his function report that he had any problems with exertional abilities, such as lifting, carrying, walking and sitting, and was able to drive, do laundry, mow the yard, and clean the house. (Tr. 18). He also noted that HCTA was added to his Lisinopril to control his blood pressure and following that episode, he denied having any complaints and related that

he was feeling well. (Tr. 18). The Court also notes that the medical records indicate that Plaintiff was advised to stop smoking and to lose weight (Tr. 219), but there is no indication in the record that he did either. In fact, on March 28, 2008, while Plaintiff was admitted at the Hot Springs Rehabilitation Clinic due to "feeling weird" and the fact that his blood pressure was elevated, the next morning Plaintiff had no complaints, except that he "needs to smoke ASAP." (Tr. 217). His physical examination at that time was otherwise unremarkable. (Tr. 217).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's RFC determination.

### D.  Whether Vocational Expert Testimony was Required:

"Vocational expert testimony is not required until step five when the burden shifts to the Commissioner, and then only when the claimant has nonexertional impairments, which make use of the medical-vocational guidelines, or 'grids,' inappropriate." Banks v. Massanari, 258 F.3d 820, 827 (8th Cir. 2001). In this case, the ALJ appropriately determined that there were no nonexertional impairments. Therefore, the Court finds there is substantial evidence to support the ALJ's use of the Grids.

### IV.  Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 26th day of June, 2015.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE